57  345
57  540

THE STATE, DENNIS D. MULCAHY, PROSECUTOR, v. THE NEW JERSEY TRACTION COMPANY.

1. The Common Pleas improperly gave judgment on the trial of a case on appeal from the District Court, "that the judgment of the court below be affirmed," instead of giving judgment for the defendant.
2. The record should be remitted to the Common Pleas for correction and the entry of the proper judgment.

On *certiorari.*

Argued at June Term, 1894, before Justices DIXON, REED and ABBETT.

For the prosecutor, *Philip W. Cross.*

For the defendant, *Crane & Knight.*

The opinion of the court was delivered by

ABBETT, J.   The prosecutor brought suit in the Second District Court of the city of Newark against the defendant for injuries done to his horse and carriage by a street railway car of the defendant, propelled by electricity along Washington street, in the city of Newark, alleging carelessness and negligence on the part of said company by propelling its cars at an unwarranted rate of speed and willfully, carelessly and negligently driving said railway car with great force and violence upon the plaintiff's carriage and throwing him out of the same.

The case was tried in the District Court, October 24th, 1892, and the court heard the witnesses and evidence produced by the plaintiff and defendant, and judgment was thereafter, on November 2d, 1892, rendered by the court in favor of the defendant.   An appeal was taken by the prosecutor from that judgment, to the Court of Common Pleas in and for the county of Essex.

On December 4th, 1892, the case came up on appeal, and a trial was had before the Court of Common Pleas.   After hearing the evidence, the court affirmed the judgment of the court below.   The case was then removed by *certiorari* to the Supreme Court.

The case as it comes before the Supreme Court, excludes the consideration of all causes of error assigned by the prosecutor, except the eighth, which is " that the trial in the Court of Common Pleas on appeal from the District Court, being a trial *de novo*, the court erred in rendering the following judgment, to wit, ' that the judgment of the court below be affirmed.' "

The judgment as certified to this court by the clerk of the Common Pleas, is irregular and defective.

On an appeal, it is not sufficient for the Court of Common Pleas to render a general judgment affirming or reversing the judgment of the justice. The judgment should be rendered and entered specifically, the same as if there never had been any trial in the court below.

A judgment in the Common Pleas, " that the judgment below be affirmed, with costs," has been expressly held to be erroneous. *Woodruff* v. *Badgley,* 7 *Halst.* *367; see, also, *Saxton* v. *Landis,* 1 *Harr.* 302, 304; *Ivins* v. *Schooley,* 3 *Id.* 269, 270; *Doremus* v. *Howard,* 3 *Zab.* 390, 394.

The only question remaining is, can this judgment be corrected?

Section 103 of the District Court act (*Rev. Sup.,* p. 240, *pl.* 94) provides "that, in order to prevent the failure of justice by reason of mistakes and objections of form, it shall be lawful for the judge of any District Court or the Court of Common Pleas, on an appeal taken thereto, at all times to amend all defects and errors in any proceeding in civil causes, whether there is anything in writing to amend by or not, and whether the defect or error be that of the party applying to amend or not, and all such amendments may be made with or without costs, and upon such terms as to the court or judge may seem fit; and all such amendments as may be necessary for the purpose of determining, in the existing suit, the real question in controversy between the parties shall be so made."

The Common Pleas has therefore the power to correct the judgment below. The proper practice is to remit the record for correction and the entry of the proper judgment by the Common Pleas. *Doremus* v. *Howard,* 3 *Zab.* 394.